[L. A. No. 16594. In Bank.—April 15, 1938.]

BUEL R. WOOD, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Buel R. Wood, *in pro. per.*, for Petitioner.

Philbrick McCoy for Respondent.

THE COURT.—The petitioner seeks a review of the recommendation of the Board of Governors of The State Bar that he be suspended from the practice of law for a period of three months.

The petitioner, a native of South Dakota, now forty-nine years of age, was admitted to practice law in this state in November, 1923. He had previously practiced in South Dakota and Texas. In May, 1937, he was heard before the local administrative committee of Los Angeles County on charges of violation of his duties as an attorney and of conduct involving moral turpitude.

No serious dispute is presented as to the facts. The petitioner was employed in April, 1936, by Hazel Carothers,

a minor, and her father to commence an action for damages on account of personal injuries sustained by the minor alleged to have been caused by the negligence of another. On April 18, 1936, the petitioner received from the Carothers the sum of $7. The receipt given by him showed that it was accepted as "retainer", and that there remained unpaid "balance of fee $8.00". On April 24th he receipted for $7 as the filing fee. An additional $10 was paid during the same month, which, together with the previous $7 on account of retainer, the committee found constituted the petitioner's retainer fee for preparing and filing the complaint and the application for appointment of guardian *ad litem*. The payment of fee for further services was contingent upon recovery and to be measured by twenty per cent of the amount of recovery. A complaint in the action was never filed by the petitioner.

On June 19, 1936, this court adopted the recommendation of the board of governors in a previous disciplinary proceeding and ordered the suspension of the petitioner for a period of six months commencing July 19, 1936, and terminating January 19, 1937. The petitioner did not communicate the fact of this suspension to the Carothers, and failed to communicate with them until February 12, 1937. The content of his letter at that time was a request for payment of the filing fee, which in fact had already been paid to him. The Carothers thereupon retained other counsel to commence the action which was about to be barred by the statute of limitations, and complained to The State Bar of the petitioner's misconduct.

The board of governors adopted the findings of the local administrative committee, with the exception that it found that the retainer was to be $25 instead of $17.

The record shows that in 1930 a reprimand was administered to the petitioner for neglect in connection with still another matter heard by the then local administrative committee of Los Angeles County.

The petitioner has not shown herein that the findings or recommendation of the board are erroneous, unlawful or improper. The petitioner's own statements in the record furnish additional evidence that he still is remiss in his duties and obligations as an attorney. Under all the circumstances the discipline recommended by the board is not too severe.

It is therefore ordered that the petitioner be suspended from the right to practice law in this state for a period of three months to commence thirty days from and after the filing of this order.